IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETE LUCERO,**

        Movant,

vs.                                                         No. CIV 99-742 LH/LCS

**UNITED STATES OF AMERICA,**

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Respondent's Motion to Dismiss, filed on September 10, 1999. The Court, having reviewed the pleadings and the applicable law, proposes finding that the Motion is well-taken and recommends that it be granted.

### Proposed Findings

On April 1, 1994, Petitioner Pete Lucero ("Lucero") was sentenced to 30 months imprisonment for escaping from a federal corrections facility. He did not appeal this sentence. On June 27, 1994, he was sentenced in State court to 10 years imprisonment for trafficking in controlled substances. He had been arrested for trafficking while a fugitive. Until his state sentence was imposed, Lucero believed that his state and his federal sentences were going to run concurrently, instead of consecutively. On July 1, 1999 Lucero filed a *pro se* motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. Sec. 2255. The United States filed a response to Lucero's motion on September 10, 1999, requesting that Lucero's motion be dismissed on the grounds that it was untimely filed, that his claims were procedurally barred, and that he had not exhausted his administrative remedies before filing his motion.

The first issue in this case is whether the petition is time-barred. Under the Antiterrorist and

1

Effective Death Penalty Act, 28 U.S.C. Sec. 2244(d)(1), a petition must be filed within one year of the latest of the following four dates:

A. the date the judgment became final by the conclusion of direct review, or by the expiration of the time for seeking such review;
B. the date any impediments by the state to the filing of the federal petition are removed;
C. the date the constitutional right upon which the Petitioner relies was initially recognized by the Supreme Court, or
D. the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

The United States contends that subsection (d)(1)(A) supplies the latest date. Under Fed.R.App.P. 4, Lucero had ten days after his judgment became final to file a notice of appeal. He did not do so. Accordingly, Lucero's time to file his motion expired one year later, on April 16, 1995.

This Court construes Lucero's *pro se* motion more liberally, and, as this is a motion to dismiss, I assume the truth of his allegations. Because Lucero claims that he was never told by his counsel that his state sentence would run consecutively to his federal sentence, the Court proposes finding that subsection (d)(1)(D) applies, and that Lucero could not, through due diligence, have discovered that his state sentence was going to run consecutively to his federal sentence until the state sentence was imposed on June 27, 1994. Under the A.E.D.P.A., Lucero's motion to vacate, set aside or correct his federal sentence would have had to have been filed by June 27, 1995 in order to be considered timely.

Because the A.E.D.P.A. was not enacted until April 24, 1996, a strict application of its terms would have a retroactive effect in cases like this one. Accordingly, the Tenth Circuit held that prisoners whose convictions became final before April 24, 1996 would have until April 24, 1997 to file their Section 2255 motions. *United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir. 1997). However, in the present case, Lucero did not file his petition until July 1, 1999. Accordingly, the Court proposes finding that Lucero's motion is time-barred. Because this issue is dispositive of the Motion, it is unnecessary to address the United States' other arguments.

**Recommended Disposition**

I recommend that the United States' Motion to Dismiss Lucero's petition be granted. Within ten days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(C), file written objections. A party must file its objections with the Clerk of the United States District Court for the District of Nrew Mexico, 333 Lomas Blvd. NW, Albuquerque, NM 87102, within this ten-day period if the party desires district court or appellate court review of the Magistrate Judge's Proposed Findings and Recommended Disposition; if no objections are filed, no review will be conducted.

_____
Leslie C. Smith
United States Magistrate Judge